UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JOHN LEE COCKERHAM, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN CLAYTON, et al., )<br>)<br>Defendants. ) | Civil Action No. 7: 20-132-WOB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Lee Cockerham, Jr. has filed a pro se civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 7]  The Court has granted his motion to proceed *in forma pauperis* by separate Order.  This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Cockerham alleges that he developed Legionnaires Disease as a result of being exposed to mold and mildew at the United States Penitentiary – Big Sandy.  He indicates that he first exhibited symptoms in July 2018 and was hospitalized shortly thereafter with severe symptoms.  [R. 7 at 4-6]  Cockerham sues nine defendants, all but one of them officials at the penitentiary, and all of them only in their official capacities.  [R. 7 at 2-3]

1

Cockerham's complaint is subject to dismissal on initial screening on a number of grounds.  First and foremost, a claim against a government employee in his or her "official capacity" constitutes a claim against the government agency that employs the individual, not against the employee.  Thus, an official capacity suit against a BOP employee is a suit against the BOP itself, which is a federal agency.  While *Bivens* authorizes suits against federal employees in their individual capacities for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies.  *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).  The Court therefore lacks subject matter jurisdiction to entertain Cockerham's official capacity claims against the defendants, and the Complaint must be dismissed. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

Even if the Court were to construe Cockerham's claims as asserted against the defendants in their individual capacities, such claims would fail for several reasons.  While Cockerham names nine officials of the Bureau of Prisons as defendants, he makes no allegation that any of them were directly involved in or responsible for the conduct about which he appears to complain.  To state a viable claim for relief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Cockerham's complaint manifestly fails to satisfy this minimum threshold pleading requirement.

Cockerham also failed to properly and completely exhausted his administrative remedies.  The exhaustion rule requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  The BOP's Inmate Grievance System requires a federal prisoner to file a formal grievance with the warden within twenty days after the event complained of.  28 C.F.R. § 542.14(a).  If he is not satisfied with the warden's response, he must file an appeal to the Regional Office within twenty days.  Then, if the inmate is not satisfied with the Regional Office's response, he must file an appeal to the BOP's Central Office within thirty days. 28 C.F.R. § 542.15(a). Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the prisoner must file the initial grievance and any appeals within these time frames.  Here, Cockerham filed a grievance with the warden regarding his claims in October 2018.  Then, instead of filing an appeal from the warden's response to the Regional Office, he filed simultaneous appeals to both the Regional Office and to the Central Office on March 1, 2019.  [R. 1 at 7]  Even assuming that the delay in filing these simultaneous appeals was caused by a delay in Cockerham's receipt of the warden's response to two grievances he filed regarding the same subject matter, *see* [R. 1-1 at 4-5], he failed to follow the BOP's grievance procedures in pursuing his appeals.

Cockerham's claims are further barred by the statute of limitations.  The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening.

3

*Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). The statute of limitations for civil rights claims arising in Kentucky is one year. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Cockerham's claims accrued no later than July 28, 2018, when he experienced severe symptoms associated with his condition. [R. 7 at 4] *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). The statute of limitations commenced running at that time.

It is true that the limitations period is tolled where the plaintiff is actively pursuing administrative remedies that he is required by law to exhaust. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). However, such tolling is equitable in nature, and is not warranted where the plaintiff failed to pursue such exhaustion in a timely and diligent manner. *Cf. Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25-26 (E.D. Ky. June 9, 2006) (*citing Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002)). Here, Cockerham waited nearly three months before he filed his initial grievance, well beyond the 20 days permitted by regulation. In addition, the warden's response to that grievance was due in early November 2018, and if it was not timely issued, Cockerham was free to appeal at that time. 28 C.F.R. § 542.18. Once he failed to promptly do so, any further equitable tolling ceased. *See Jordan v. U.S. Dept. of Justice*, No. 7:15-CV-138-KKC (E.D. Ky. 2015), *aff'd*, No. 17-5467 (6th Cir. Mar. 7, 2018) (holding that equitable tolling ceases once the time period for the agency to respond has

4

expired under its regulations) (*citing Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) ("It is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'")); *Burley v. Federal Bur. of Prisons*, No. 6:15-04-DCR, 2015 WL 3973076, at *3 (E.D. Ky. June 30, 2015).

Even if Cockerham were entitled to equitable tolling for both periods – from late July 2018 to mid-October 2018 and from mid-November 2018 to March 1, 2019 – his complaint is still untimely. Disregarding the impropriety of filing simultaneous administrative appeals to both the Regional Office and the Central Office, responses to those appeals were due no more than forty days under BOP regulations, a period falling in mid-April 2019. Cockerham did not file suit until August 2020, well past the one-year limitations period. And Cockerham did not name any of the BOP officials he identifies as defendants until he filed his substituted complaint in October 2020. [R. 7] Those claims do not relate back to the filing of the original complaint. Fed. R. Civ. P. 15(c). For each of these reasons, Cockerham's claims under *Bivens* must be dismissed.

Finally, Cockerham attached as an exhibit to his complaint a completed Standard Form 95, *Claim for Damage, Injury, or Death*, regarding his claim. [R. 7-1 at 5-6] This form is used to seek administrative settlement of a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). Completion of the administrative settlement procedure is a prerequisite to filing suit under the FTCA. 28 U.S.C. § 2675. While the Court has an obligation to liberally construe a *pro se* complaint, it will not infer a FTCA claim from Cockerham's filing of this document because Cockerham did not expressly includes a FTCA claim in his complaint and he does not sue a viable defendant under the statute. Cockerham has also not included a copy of a letter from the BOP denying his request for administrative settlement. Notably,

Cockerham signed his Form 95 on July 21, 2020, and the BOP is entitled to six months to respond to his request before he may file suit.  28 U.S.C. § 2675(a).  Any FTCA claim would therefore be premature.

Accordingly, it is **ORDERED** as follows:

1. Cockerham's complaint [R. 1] is **DISMISSED**, with prejudice.

2. This matter is **STRICKEN** from the active docket.

This the 2nd day of November, 2020.



Signed By:
**William O. Bertelsman**   WOB
United States District Judge